**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARTIN LUJAN,**

     **Plaintiff,**

**vs.**                                                                               **No. 13-cv-0438 JB/SMV**

**CITY OF SANTA FE and**
**ROBERT ROMERO,**

     **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME
TO RESPOND TO THE MOTION FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on Plaintiff's Request for Reconsideration and Extension [Doc. 105] filed on August 9, 2016.  Plaintiff requests an extension of time to respond to Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity ("MSJ") [Doc. 98], which was filed June 22, 2016.  Plaintiff's response to the MSJ was due no later than July 13, 2016.  By August 5, 2016, Plaintiff had neither filed a response nor any notice that the parties had agreed on an extension.  *See* D.N.M.LR-Civ. 7.4(a) (requiring that a party desiring an extension file a notice on the record indicating the new deadline to which the parties have agreed).  Accordingly, on reference by the presiding judge, [Doc. 96], the undersigned issued Proposed Findings and Recommended Disposition ("PF&RD") on August 5, 2016.  [Doc. 104].  Even though Plaintiff had failed to respond to the MSJ, the Court did not recommend granting summary judgment on that basis.  *Id.* at 3 n.5.  Rather, it fully addressed the merits.  *Id.* at 4–12.  Objections to the PF&RD were due by August  22, 2016.  *Id.*

Well before the objections deadline, Plaintiff filed the instant motion on August 9, 2016, essentially requesting that the PF&RD be vacated so that Plaintiff could respond to the MSJ. [Doc. 105].  Plaintiff explains that he had secured an extension of time from defense counsel to respond to the MSJ until August 8, 2016.  (However, he never filed a notice of the agreed extension, as required by the Local Rules.)  Plaintiff additionally explains that he believed that the Court would not "automatically grant" summary judgment without a response from him.  *Id.* at 1.

Rule 6 of the Federal Rules of Civil Procedure explains the standard for extensions of time to respond to motion:

> (b) Extending Time.
>> (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
>> (2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).
>
> (c) Motions, Notices of Hearing, and Affidavits.
>> (1) *In General.* A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:
>>> (A) when the motion may be heard ex parte;
>>> (B) when these rules set a different time; or
>>> (C) when a court order—which a party may, for good cause, apply for ex parte—sets a different time.

Fed. R. Civ. P. 6(b), (c).  Good cause is a "legally sufficient reason."  Black's Law Dictionary 235 (8th ed. 2004).  Good cause:

> require[s] *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake . . . or

> ignorance of the rules usually does not suffice, and some showing
> of good faith on the part of the party seeking the enlargement *and*
> some reasonable basis for noncompliance within the time specified
> is normally required.

*Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (internal quotation marks omitted). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

On the one hand, Plaintiff was in communication with defense counsel about extending his deadline to respond to the MSJ. He proceeds pro se and, thus, may have been unaware that he was required to file a notice on the record of the agreed-upon extension of time. On the other hand, pro se litigants must follow the same rules of procedure as everyone else. Moreover, when Plaintiff filed his motion for extension of time, the PF&RD had already been issued, fully addressing the merits. Ultimately, I find that Plaintiff fails to show good cause or excusable neglect for his failure to timely respond to the MSJ or to file a notice on the record of the agreed-upon extension of time. His ignorance of the rules does not satisfy Rule 6 and does not warrant an extension. Accordingly, his motion for extension of time to respond to the MSJ will be denied. However, the Court will grant Plaintiff an additional 17 days to object to the PF&RD.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Request for Reconsideration and Extension [Doc. 105] is **DENIED**. The time for Plaintiff to respond to the MSJ is not extended. However, Plaintiff may have until **September 9, 2016**, to object to the PF&RD.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3